UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAINNA O.,

              Plaintiff,

     v.                                    **DECISION AND ORDER**

                                        21-CV-25S

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

_____

1.     Plaintiff Shainna O.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Act.  (Docket No. 1.)  This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

2.     Plaintiff protectively filed her applications with the Social Security Administration on May 22, 2017.  Plaintiff alleged disability beginning March 15, 2017, due to psychological seizures, headaches/migraine headaches, history of stroke, depression, anxiety, obsessive-compulsive disorder ("OCD"), and post-traumatic stress disorder ("PTSD") (R. at 18).  Plaintiff's applications were denied and she thereafter requested a hearing before an administrative law judge ("ALJ").

3.     On November 12, 2019, Plaintiff's had an initial hearing which was adjourned for supplementation.  On February 24, 2020, ALJ Mary Mattimore held the

_____

[1]In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by first name and last initial.

supplemental video hearing at which Plaintiff—represented by counsel—and Vocational Expert Louis Szollosy and impartial medical expert Dr. Debra Pollack appeared and testified.  (Docket No. 6, Admin. Record R.[2] at 15, 40-81; see Docket No. 8, Pl. Memo. at 2.)  At the onset date, Plaintiff was 28 years old with a high school education (R. at 28).  She had past relevant as a resident supervisor (light exertion work), deli clerk (light work), retail stock clerk (heavy exertion work but performed light exertion), and retail sales associate (light work) (R. at 28).

4.      The ALJ considered the case *de novo* and, on April 1, 2020, issued a written decision denying Plaintiff's applications for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[3]  (Docket No. 1.)

5.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 8, 9.)  Plaintiff filed a response on March 21, 2022 (Docket No. 10), at which time this Court took the Motions under advisement without oral argument.  For the reasons that follow, Plaintiff's Motion (Docket No. 8) is **denied**, and Defendant's Motion (Docket No. 9) is **granted**.

6.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there

---

[2]Citations to the underlying administrative record are designated as "R."  The record here is docketed as two documents, Docket Nos. 6, 7.  Docket No. 7 continues from R. at 1275.

[3]The ALJ's April 1, 2020, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 26 L.Ed.2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

7.     "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing

whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119

(1987).

9.      The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is
> currently engaged in substantial gainful activity.  If [s]he is not,
> the [Commissioner] next considers whether the claimant has
> a "severe impairment" which significantly limits [her] physical
> or mental ability to do basic work activities.  If the claimant
> suffers such an impairment, the third inquiry is whether, based
> solely on medical evidence, the claimant has an impairment
> which is listed in Appendix 1 of the regulations.  If the claimant
> has such an impairment, the [Commissioner] will consider
> [her] disabled without considering vocational factors such as
> age, education, and work experience; the [Commissioner]
> presumes that a claimant who is afflicted with a "listed"
> impairment is unable to perform substantial gainful activity.
> Assuming the claimant does not have a listed impairment, the
> fourth inquiry is whether, despite the claimant's severe
> impairment, [s]he has the residual functional capacity to
> perform [her] past work.  Finally, if the claimant is unable to
> perform [her] past work, the [Commissioner] then determines
> whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

10.      Although the claimant has the burden of proof on the first four steps, the

Commissioner has the burden of proof on the fifth and final step.  See Yuckert, supra,

482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step

is divided into two parts.  First, the Commissioner must assess the claimant's job

qualifications by considering her physical ability, age, education, and work experience.

Second, the Commissioner must determine whether jobs exist in the national economy

that a person having the claimant's qualifications could perform.  See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

11.     The ALJ analyzed Plaintiff's claim for benefits under the process set forth above.  At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 15, 2017.  (R. at 17.)  At Step Two, the ALJ found that Plaintiff has the following severe impairments:    psychological seizures, headaches/migraine headaches, history of stroke, depression, anxiety, OCD, and PTSD (R. at 18).    At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. at 19)

12.     Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium exertion work (R. at 21).  The ALJ found that Plaintiff can lift and carry 20 pounds frequently and 50 pounds occasionally; can occasionally stoop, kneel, crouch, crawl, climb stairs and ramps, can never climb ladders, ropes or scaffolds; no exposure to flashing flickering lights, sharp objects, hazardous machines or unprotected heights; can work in a moderately noisy environment; can perform low stress job defined as simple routines with 1-2 steps and make simple workplace decisions, not a production rate pace (assembly line pace); can maintain attention and concentration for 2 hour blocks of time, and can tolerate minimal changes in workplace processes and setting (R. at 21).

13.     At Step Four, the ALJ found Plaintiff is unable to perform any past relevant work.  (R. at 28.)  At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (R. at 29.)  The ALJ posed

hypotheticals to the Vocational Expert to identify jobs a claimant with Plaintiff's age, education, and work experience could perform.  The expert opined that this hypothetical claimant could perform work as a bagger, assembler of metal furniture, or hand packager. (R. at 29.)  Accordingly, the ALJ found that Plaintiff is not disabled.  (R. at 29-30.)

14.     Under the Social Security standards effective for evaluating medical evidence for applications like this one filed after March 2017, the agency considers the persuasiveness of a medical opinion, 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  The agency considers the supportability and consistency of the opinions as the most important factors, id. §§ 404.1520c(c)(1), (2), (b)(2), 416.920c(c)(1), (2), (b)(2).  The ALJ must explain her or his approach with respect to supportability and consistency when considering a medical opinion, Melissa F. v. Comm'r, No. 20CV1363, 2021 WL 3887256, at *3 (W.D.N.Y. Aug. 31, 2021)(Carter, Mag. J.) (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)).  The more consistent a medical opinion is with the rest of the evidence from other medical and nonmedical sources, the more persuasive the opinion will be, 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).   The ALJ is not required to articulate how each medical opinion is considered, 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

15.     Plaintiff here argues that the RFC determination is not supported by substantial evidence because the ALJ improperly applied the medical opinion that she found to be persuasive but failed to account for mental limitations in basic mental demands, resulting in an RFC that is unsupported by substantial evidence (Docket No. 8, Pl. Memo. at 2, 17-23).  Plaintiff further contends that the ALJ failed to pose relevant hypotheticals to Vocational Expert and failed to account for all of Plaintiff's limiting effects from combined conditions in RFC, frustrating meaningful judicial review (id. at 2, 23-27).

16.     For the reasons that follow, this argument is unavailing.

17.     Plaintiff's objections turn on the ALJ's consideration of Dr. Christine Ransom's impartial psychological evaluation of Plaintiff's mental limitations (Docket No. 7, Admin. Record, R. at 1857).  Plaintiff has not sought review of the findings in her physical RFC.

18.     Dr. Ransom conducted a psychological examination on March 7, 2020, and diagnosed Plaintiff with post-traumatic stress disorder (R. at 1860, 1861).  Plaintiff reported to Dr. Ransom that she had a constant fear of having another stroke, that she isolated herself and did not want to be around people (R. at 1857).  Plaintiff sobbed throughout the evaluation and could not stop (R. at 1858).  Dr. Ransom found that Plaintiff had moderate limitations for understanding, memory, and carrying out instructions (R. at 1859, 1861).  Dr. Ransom then found Plaintiff had moderate limitations in interacting with supervisors and coworkers (R. at 1859, 1862, 27).

19.     The ALJ found Dr. Ransom's opinion was persuasive (R. at 27).

20.     Plaintiff complains that, despite finding that opinion to be persuasive, the ALJ did not account for Dr. Ransom's opinion that Plaintiff had moderate limitation for social interactions (such as with supervisors or coworkers) in the RFC (Docket No. 8, at 17-20).  That treatment of her mental limitations affected the ALJ's hypothetical to the Vocational Expert because it did not include a limitation regarding communication with supervisors or coworkers (id. at 23-24).

21.     Commissioner argues that the ALJ properly evaluated Plaintiff's mental RFC based upon opinion evidence in the record (Docket No. 9, Def. Memo. at 10-12). Commissioner contends that "moderate medical limitations do not indicate disabling

functional restrictions that would prevent a claimant from performing the basic mental demands of unskilled work" (id. at 12-13), see also Mayer v. Comm'r, No. 18CV62, 2019 WL 2266795, at *5 (W.D.N.Y. May 28, 2019) (Carter, Mag. J.) (by consent) ("The Second Circuit has repeatedly held that 'moderate' limitations do not preclude a plaintiff's ability to perform unskilled work," collecting cases).  Courts have affirmed RFC findings that a claimant can perform simple work yet has moderate limitations interacting with others (id. at 13), Wightman v. Comm'r, No. 18CV6295, 2019 WL 2610712, at *2 (W.D.N.Y. June 26, 2019) (Larimer, J.).

22.    In her reply, Plaintiff contends that the ALJ rejected Dr. Ransom's moderate limitations, that the ALJ failed to explain exclusion of Dr. Ransom's noted moderate limitations (Docket No. 10, Pl. Reply Memo. at 1).

23.    The ALJ noted Dr. Ransom's findings of limitations, including moderate limitations for appropriate interactions with supervisors and coworkers (R. at 27), noting these opinions were persuasive and supported by examination findings, consistency with other impartial sources and the opinions of Dan Vandivier, Ph.D., and Nick Watters, Psy.D. (R. at 27, 96-106, 112-27).  Both Drs. Vandivier and Watters noted that despite Plaintiff's presentation and allegations she reported "substantial activities as her daily functioning" (R. at 101, 121), although neither doctor commented on Plaintiff's limitations in interaction with coworkers or supervisors.

24.    The hypotheticals posed to the Vocational Expert posited a claimant like Plaintiff who could a perform low stress job (R. at 74) but did not discuss the claimant's communication limitations.

25.    Judge Larimer in <u>Wightman</u> concluded that the ALJ could find an RFC that a claimant had moderate difficulties in social functioning but could perform unskilled work, declaring that it was "well-settled that moderate limitations in social interaction and other areas of work-related functioning nonetheless permit the performance of unskilled work, such that a limitation to unskilled work is generally sufficient to accommodate those limitations," 2019 WL 2610712, at *2.

26.    In the present case, the ALJ found that Plaintiff could perform "low stress job defined as simple routines work with 1-2 steps and make simple workplace decisions" (R. at 21).  This accommodates Plaintiff's moderate limitations for workplace social interaction as found by Dr. Ransom.  The RFC thus is not inconsistent or deficient.  The ALJ rendered her decision based upon the persuasiveness of the medical opinions in this record.  She did not reject portions of Dr. Ransom's opinion or do so without explanation.

27.    Furthermore, the ALJ properly based her hypothetical upon the RFC.

28.    Thus, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) in her favor is denied.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:        December 20, 2022
              Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge